# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV321

| | |
|---|---|
| SCREEN GEMS, INC., a Delaware corporation, ) ) ) | |
| Plaintiff, ) ) | |
| Vs. ) ) | **DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |
| MICHAEL HESS, an individual, ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the Court on Plaintiff's application for entry of default judgment. For the reasons stated herein, Plaintiff's application is granted.

Plaintiff filed a complaint on October 3, 2007, to enjoin Defendant Michael Hess from copying and distributing unauthorized copies of Plaintiff's copyrighted materials over the Internet. **Complaint, filed October 3, 2007, at 1.** Plaintiff's complaint alleges it is the holder of exclusive rights for certain copyrighted motion pictures, including *Anacondas: The Hunt For The Blood Orchid* (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid

Certificate of Copyrighted Registration duly issued by the Register of Copyrights. **See Exhibit A, Certificate of Copyright Registration, *attached to* Complaint.** The complaint alleges Defendant, without permission from Plaintiff, used and continued to use online software to distribute the Copyrighted Motion Picture to the public and such actions constituted infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976. **See 17 U.S.C. § 101 *et seq*.; Complaint, *supra* at 3**. Plaintiff further alleges Defendant's actions were willful, intentional and in disregard of and with indifference to Plaintiff's rights. *Id.* In addition to a permanent injunction, Plaintiff seeks an award of statutory damages, and attorneys' fees and costs incurred in prosecution of this matter. *Id*. **at 4.**

Plaintiff served Defendant with a copy of the Summons and Complaint on October 24, 2007, wherein Defendant was informed that he had 20 days in which to file an answer or other responsive pleading. **See Affidavit of Return of Service, filed October 26, 2007, at 1-2.** Defendant did not file an answer or otherwise appear within the prescribed 20-day time period nor did Defendant apply for an extension of time or otherwise appear following the expiration of the statutory time period. On November 20, 2007, a letter was sent to Defendant explaining that he was in default

and that if he failed to answer, Plaintiff would seek a default judgment for the relief prayed for in the complaint. **See Declaration of Karen R. Thorland in Support of Application for Entry of Default Judgment, filed February 28, 2008, at 3.** As Defendant never filed answer or otherwise appeared in this action, Plaintiff applied for and was granted entry of default against Defendant. **Motion for Entry of Default, filed January 15, 2008; Entry of Default by the Clerk, filed January 16, 2008.** Plaintiff then filed an application for default judgment that is the subject of this Order. **Application for the Entry of Default Judgment ("Application"), filed February 28, 2008;** *see generally* **Fed. R. Civ. P. 55.** Plaintiff seeks statutory damages and a permanent injunction enjoining Defendant from further infringing Plaintiff's copyrights, as well as attorneys' fees and costs. **Application,** *supra*, **at 2.**

The Copyright Act provides that a plaintiff may seek statutory damages not less than $750 or more than $30,000 in an amount the Court considers just. **See 17 U.S.C. § 504(c)(1)**. Upon making a finding that the infringement was willful, the Court has discretion to increase the award of statutory damages up to a maximum of $150,000 per infringement. **17 U.S.C. § 504(c)(2).** Plaintiff seeks an award of $6,000 in statutory

damages in the instant case. **Plaintiff's Memorandum of Law in Support of Motion for Default Judgment, filed February 28, 2008, at 13-14.** The Court finds that, among those statutory damages authorized, this amount is reasonable and just.

Plaintiff also seeks an award of attorneys' fees and costs in the amount of $3,112.13. *Id.* The Copyright Act specifically provides the Court with the discretion to award reasonable attorneys' fees and costs to the prevailing party. **See 17 U.S.C. § 505**. The Court finds that the amount of Plaintiff's request for attorneys' fees and costs is reasonable in light of the time and expenses associated with prosecuting this claim. **See Thorland Declaration,** *supra***.**

The Court further finds that issuance of a permanent injunction against Defendant's unauthorized downloading and distribution of Plaintiff's Copyrighted Motion Picture is necessary and reasonable. The Copyright Act provides that the Court has discretion to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." **See 17 U.S.C. § 502(a).**

The Court finds that in deciding this application for default judgment, including determining the amount of damages and the remedies so

requested, that there is no need for an evidentiary hearing, and that such a decision is properly reached on the basis of the uncontested pleadings submitted by Plaintiff. *See* **Fed. R. Civ. P. 55 (b)(2).**

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Plaintiff's application for default judgment is **GRANTED**, and the Plaintiff have and recover of the Defendant damages in the amount of **SIX THOUSAND DOLLARS ($6,000.00)**, and attorneys' fees and costs in the amount of **THREE THOUSAND, ONE HUNDRED TWELVE DOLLARS AND THIRTEEN CENTS ($3,112.13)**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the conduct described in the complaint is in violation of 17 U.S.C. § 501, and the Defendant Michael Hess is hereby **ENJOINED** from directly or indirectly infringing Plaintiff's rights under federal or state law in the copyrighted motion picture, *Anacondas: The Hunt For The Blood Orchid*, and any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) ("Plaintiff's Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to distribute (i.e., upload)

any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Signed: March 11, 2008

_____
Lacy H. Thornburg
United States District Judge